IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Civil Action No.: 1:24-cv-00043 |
| | ) |
| KING DRUG CO., INCORPORATED | ) |
| and | ) |
| TRACI REVELS MCCOY, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the United States of America, by and through Jonathan S. Ross, Acting United States Attorney for the Middle District of Alabama, and files this Complaint pursuant to Federal Rules of Civil Procedure 8 and 9. The United States of America brings this action against King Drug Co., Incorporated ("King Drug"), and Traci Revels McCoy ("McCoy" collectively referred to herein with King Drug as "Defendants"), seeking civil monetary penalties for Defendants' violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.* (the "CSA"), and its implementing regulations, 21 C.F.R. § 1301, *et seq.*

## THE PARTIES

1. Plaintiff United States of America ("United States") brings this action on behalf of the Department of Justice, as delegated to the Drug Enforcement Administration ("DEA"), which regulates the distribution of controlled substances under the authority of the CSA.

2. Defendant King Drug is a corporation organized and existing under the laws of the state of Alabama, with its principal place of business listed at 7 North Broad Street, Samson, Alabama, 36477. At all times relevant to the allegations contained herein, King Drug was engaged in the business of operating a retail pharmacy in Samson, Alabama.[1]

3. Defendant Traci Revels McCoy is the owner of King Drug. At all times relevant to the allegations contained herein, Ms. McCoy operated, was a principal of, and exercised control over King Drug, and was acting within the full course, scope, and authority of her positions with King Drug. Ms. McCoy is a pharmacist licensed by the Alabama Board of Pharmacy.

## JURISDICTION AND VENUE

3. Jurisdiction is founded on the civil provisions of the CSA, 21 U.S.C. § 842(c)(1) and 28 U.S.C. § 1331, 1345 and 1355.

4. Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the claims alleged herein occurred in the Middle District of Alabama, and because the Defendants are located, reside, do business, or committed the acts at issue in this district.

---

[1] After the relevant time frame, Ms. McCoy sold King Drug. The property was purchased by BFK Properties, LLC, an LLC organized under Alabama law. The owners of BFK Properties operate a pharmacy at that location through Samson Drugs, Inc., a corporation organized under Alabama law. The United States makes no claims against the successor entities BFK Properties, LLC, or Samson Drugs, Inc.

## **STATUTORY BACKGROUND**

5.  The DEA is the component agency of the United States Department of Justice primarily responsible for administering the CSA and is vested with the responsibility for investigating violations of the CSA. The CSA regulates persons and companies that manufacture, distribute and dispense controlled substances in order to prevent diversion. The CSA aims to protect the public's health and safety from dangers posed by highly addictive or dangerous controlled substances that are diverted into the illicit market, while also ensuring that patients have access to pharmaceutical controlled substances for legitimate medical purposes. Entities that dispense controlled substances are required to have a valid DEA registration number and are referred to as "registrants." Among other preventive measures, DEA registrants must comply with various recordkeeping requirements. Remedies resulting from violations of the CSA or its regulations (21 C.F.R. § 1300.01 et seq.) include civil penalties.

6.  At all times relevant to the allegations contained herein, the Defendants were subject to the requirements of the CSA.

7.  At all times relevant to the allegations contained herein, King Drug Co., Incorporated was registered by the DEA to dispense controlled substances pursuant to the provisions of the CSA and its implementing regulations. King Drug Co., Incorporated's registration number assigned by the DEA was # FK5371618.

## FACTUAL ALLEGATIONS

8. On December 14, 2021, several DEA Diversion Investigators performed an inspection and physical inventory of Schedule II controlled substances at King Drug. The investigators met with Ms. McCoy.

9. The December 14, 2021 inspection, physical inventory, and discussion with Ms. McCoy revealed that King Drug had committed several CSA violations.

10. For example, King Drug failed to maintain complete and accurate records for numerous controlled substances received, sold, or inventoried between January 16, 2021 and December 14, 2021 in violation of 21 C.F.R. § 1304.21(a). The inspection and inventory revealed a deviation of 37,259 tablets between what the records showed King Drug should have and the actual physical inventory:

   a) A shortage of 38 tablets of Methadone 5mg;
   b) A shortage of 3,646 tablets of Methadone 10mg;
   c) A shortage of 1,191 tablets of Hydrocodone/APAP 5/325mg;
   d) A shortage of 2,731 tablets of Hydrocodone/APAP 7.5/325mg;
   e) A shortage of 12,564 tablets of Hydrocodone/APAP 10/325mg;
   f) A shortage of 34 tablets of Hydrocodone/IBU 7.5/200mg;
   g) A shortage of 160 tablets of Morphine 15mg ER;
   h) A shortage of 41 tablets of Morphine 30mg ER;
   i) A shortage of 80 tablets of Morphine 60mg ER;
   j) A shortage of 1,115 tablets of Oxycodone/APAP 5/325mg;
   k) A shortage of 1,234 tablets of Oxycodone/APAP 7.5/325mg;
   l) A shortage of 5,688 tablets of Oxycodone/APAP 10/325mg;
   m) A shortage of 377 tablets of Oxycodone 5mg;
   n) A shortage of 4,356 tablets of Oxycodone 10mg;
   o) A shortage of 3,793 tablets of Oxycodone 15mg;
   p) A shortage of 99 tablets of Oxycodone 20mg;
   q) An overage of 112 tablets of Morphine 15mg.

11. King Drug failed to maintain a complete and accurate biennial inventory in violation of 21 C.F.R. § 1304.11(c).

12. Additionally, the December 14, 2021 inspection and physical inventory performed by investigators revealed that King Drug failed to maintain complete and accurate records of electronic orders between January 16, 2021 and December 14, 2021 in violation of 21 C.F.R. § 1305.22(g).

13. Ms. McCoy admitted to investigators that she had never entered the number of packages received into the electronic ordering system. There were approximately 187 invoiced orders, most with numerous items, during this period.

## CLAIMS

## COUNT 1
## FAILURE TO KEEP ACCURATE RECORDS

14. The United States realleges and incorporates by reference paragraphs 1 through 13 of this Complaint.

15. Defendants violated 21 U.S.C. §§ 842(a)(5) and 21 C.F.R. 1304.21(a) by failing to maintain complete and accurate records for numerous controlled substances received, sold, and/or inventoried between January 16, 2021 and December 14, 2021.

## COUNT 2
## FAILURE TO MAINTAIN A COMPLETE AND ACCURATE BIENNIAL INVENTORY

16. The United States realleges and incorporates by reference paragraphs 1 through 13 of this Complaint.

17. Defendants violated 21 U.S.C. §§ 842(a)(5), 21 U.S.C. §§ 827(a), and 21 C.F.R. § 1304.11(c) by failing to maintain a complete and accurate biennial inventory.

## COUNT 3
## FAILURE TO CREATE A RECORD OF ORIGINAL ORDERS

18. The United States realleges and incorporates by reference paragraphs 1 through 13 of this Complaint.

19. Defendants violated 21 U.S.C. §§ 842(a)(5) and 21 C.F.R. § 1305.22(g) by failing to create a record that is electronically linked to the original order and archived of the quantity of each item received and the date received on electronic orders between January 16, 2021 and December 14, 2021.

## PRAYER FOR RELIEF

20. The United States respectfully requests that this Court enter the agreed upon consent judgment submitted contemporaneously with this Complaint.

21. In the alternative, to the extent the Court rejects the consent judgment, the United States respectfully requests a judgment in the United States' favor and against Defendants jointly and severally as follows:

a) Enter an order requiring Defendants to pay a civil penalty of $18,170 for each violation set forth in Count 1, Count 2, and Count 3 pursuant to 21 U.S.C. § 842(c)(1)(B).

b) Such other relief, including costs, as is just and equitable.

## JURY TRIAL DEMAND

22. Pursuant to Federal Rule of Civil Procedure 38, the United States demands a trial by jury on all issues so triable.

Respectfully submitted this 30th day of January, 2024.

JONATHAN S. ROSS
Acting United States Attorney

By: /s/ Stephen D. Wadsworth
STEPHEN D. WADSWORTH
Assistant United States Attorney
Bar Number: ASB 9808 E47W
United States Attorney's Office
Middle District of Alabama
Post Office Box 197
Montgomery, AL 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7201
Email: Stephen.Wadsworth@usdoj.gov

## CERTIFICATE OF SERVICE

By agreement of the parties, a copy of the complaint will be served on Defendants' attorney, the Hon. George Beck.

By: /s/ Stephen D. Wadsworth
STEPHEN D. WADSWORTH
Assistant United States Attorney